UNITED STATES, Appellee

v

LELAND C. STANFORD, Private E–2, U. S. Army, Appellant

8 USCMA 726, 25 CMR 230

No. 10,870

Decided February 21, 1958

Major Edward Fenig and First Lieutenant James G. Garner were on the brief for Appellant, Accused.

Lieutenant Colonel John G. Lee and First Lieutenant Jay D. Fischer were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused, charged with desertion, terminated by apprehension, pleaded not guilty but guilty of the lesser offense of absence without leave. The court-martial, however, found him guilty as charged. Before this Court he assigned as error the law officer's instruction dealing with the question of intent and in particular that portion which advised that:

". . . an intent may reasonably be inferred, such as evidence of a much prolonged period of absence without authority for which there is no satisfactory explanation, . . ."

This instruction is indistinguishable from the one held prejudicial in United States v Soccio, 8 USCMA 477, 24 CMR 287.

The decision of the board of review is reversed and the record returned to The Judge Advocate General of the Army for resubmission to a board of review. The board, in its discretion, may affirm the lesser offense of absence without leave and reassess the sentence or it may order a rehearing on the principal charge.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

If this were a United States v Soccio, 8 USCMA 477, 24 CMR 287, situation, I would dissent without comment. However, a reading of the whole instruction given by the law officer takes this case out of the situation condemned therein. In that case my associates

described the error they had found as follows:

"The burden is always on the prosecution to establish the guilt of an accused beyond a reasonable doubt. Price v United States, 200 F 2d 652 (CA 5th Cir) (1953). To misplace that burden, as was done in the instant case by instructing the court that the accused must satisfactorily explain his absence, requires an accused to acquit himself rather than requiring the Government to convict him."

Before testing the instructions given in the instant case against the rule enunciated above, it might be well to give the reader a resume of the facts. The accused left his unit at Fort Knox, Kentucky, on July 6, 1956, and was apprehended by Federal Bureau of Investigation agents in Birmingham, Alabama, some ten months later. He pleaded guilty to absence without leave and, after the Government had introduced its evidence, he took the witness stand to testify. He admitted the absence, the use of two alias names, traveling through some seven states, civilian employment, and marriage. He further testified that when he heard the Federal Bureau of Investigation was seeking to apprehend him in San Diego, he moved and changed his name. Lastly, he stated that he intended to return but, because he was afraid of going to jail, he never could make up his mind to surrender.

It is crystal clear from my recitation of facts that the accused assumed the burden of going forward with an explanation, and the court-martial is the forum which must weigh his story of reasonableness. Obviously, I need not explain that it carried little weight, but that is beside the point for the only issue here is whether the instructions given by the law officer misled the court-martial into believing the accused must prove his innocence. If they do, I misread them. I quote parts of them, but not necessarily in the order they appear in the transcript:

"First, that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyong [sic] a reasonable doubt;

.    .    .    .    .

"Fourth, that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the Government.

.    .    .    .    .

"You are instructed that the accused's plea of guilty to the lesser included offense of absence without leave will warrant a finding of guilty of that offense without further proof, but that a plea of guilty of absence without leave to a charge of desertion is not in itself a sufficient basis for a conviction of desertion. However, the accused's plea has established without the need for proof two of the essential elements of desertion, leaving in issue only the element of his intent to remain absent permanently. With respect to this issue the court is instructed that no inference of an intent to remain absent permanently arises from any admission involved in the plea, *and to warrant a conviction of desertion the evidence must establish this intent beyond a reasonable doubt.*

"In this connection, the court is advised that an intent on the part of the accused to remain permanently absent may be proved not only by direct evidence but by circumstantial evidence, that is, by evidence of facts and circumstances from which, according to the common experience of mankind, such an intent may reasonably be inferred, such as evidence of a much prolonged period of absence without authority for which there is no satisfactory explanation, or that the accused was apprehended at a considerable distance from his station, or that while absent the accused was in the neighborhood of a military post and did not surrender to military authorities.

"*.  .  . However, when the only competent evidence of the commission of an offense is circumstantial in nature, the inference to be drawn from such evidence must not only prove all the elements of the offense, but*

**727**

*must at the same time exclude every reasonable hypothesis of innocence.*

. . . . .

*"If, under all the evidence, including proper inferences, you are satisfied beyond a reasonable doubt that the accused, either at the time of absenting himself or at some time during his absence, intended to remain away permanently, you should find the accused guilty of desertion as charged.* Otherwise, you must find the accused not guilty of desertion but you should, in view of the accused's plea, find him guilty of the lesser included offense of absence without leave." [Emphasis supplied.]

The only mention of inferring an intent from an unexplained much prolonged absence is found in a series of illustrations given by the law officer which are suggested as links in a chain of circumstantial evidence. Assuming that the rationale of *Soccio* is defensible, the instructions by this officer, when considered in their entirety, clearly take this case out from under that rule.

Consequently, I would affirm the decision of the board of review.